MARK LIANG (CA S.B. # 278487)
mliang@omm.com
BILL TRAC (CA S.B. #281437)
btrac@omm.com
SORIN ZAHARIA (CA S.B. #312655)
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     +1 415 984 8700

RYAN YAGURA (CA S.B. #197619)
ryagura@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone:     +1 213 430 6000

*Attorneys for Plaintiffs*
*SAMSUNG ELECTRONICS CO., LTD. and*
*SAMSUNG ELECTRONICS AMERICA,*
*INC.*

MARC PENSABENE (NY S.B. #2656361)
*(pro hac vice pending)*
mpensabene@omm.com
JOANNE BAE (NY S.B. #5921499)
*(pro hac vice pending)*
jbae@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, New York 10036
Telephone:     +1 212 326 2000

CASON COLE (TX S.B. #24109741)
*(pro hac vice pending)*
ccole@omm.com
**O'MELVENY & MYERS LLP**
2801 N. Harwood St., 17th Floor
Dallas, Texas 75201
Telephone:     +1 972 360 1916

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.,

               Plaintiffs,

v.

ŌURA HEALTH OY and OURARING INC.,

               Defendants.

Case No.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") seek a declaratory judgment against Defendants Ōura Health Oy and Ouraring Inc. (collectively, "Oura") of non-infringement as to the following patents owned by Oura: U.S. Patent Nos. 10,842,429; 11,868,178; 11,868,179; 10,893,833; and 11,599,147 (collectively, the "Patents-in-Suit"). Samsung hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Samsung seeks a declaratory judgment of non-infringement of the Patents-in-Suit.

## THE PARTIES

2. Plaintiff Samsung Electronics Corporation, Ltd. ("SEC") is a corporation based in Suwon, South Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, South Korea 443-742.

3. Plaintiff Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

4. On information and belief, Defendant Ōura Health Oy is a Finnish company with its principal place of business at Elektroniikkatie 10, 90590, Oulu, Finland.

5. On information and belief, Defendant Ouraring Inc. is a Delaware corporation with its principal place of business at 222 Kearny Street, 7th Floor, San Francisco, California 94108.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

7. An actual and justiciable controversy exists between Samsung and Oura as to the alleged infringement of the claims of the Patents-in-Suit.

8. This Court has subject matter jurisdiction over this action based on a real and immediate controversy between Samsung and Oura regarding whether Samsung's Galaxy Ring product infringes the Patents-in-Suit.

COMPLAINT FOR DECLARATORY JUDGMENT

9.     Personal jurisdiction is proper in this Court and venue is also proper in this Court under 35 U.S.C. § 1391 because Oura has a principal place of business in this District and a substantial part of the events giving rise to Oura's claims occurred in this District.

**I.     An Actual Case or Controversy Exists Between Samsung and Oura**

10.     This action arises from Oura's pattern of indiscriminate assertion of patent infringement against any and all competitors in the smart ring market, and its statements confirming its intentions to assert its patents against all competitors in the market.  Oura develops, manufactures, and sells the Oura Ring, and it also purports to own certain patents relating to smart ring technology.  Each and every time a major competitor has developed and/or released a product that competes in the smart ring market, Oura has filed a patent infringement action against that competitor.

11.     Samsung is a world leader in the design, development, and manufacture of electronic products, ranging from advanced semiconductors to cutting edge consumer electronics, including mobile devices, smart televisions, and home appliances.  Since 2013, Samsung has designed, made, and sold the Galaxy Gear and Galaxy Watch products, which are wearable computers that offer numerous features, including fitness tracking, heart rate monitoring, and messaging.

12.     In 2024, Samsung is expanding its portfolio of wearables by introducing the Galaxy Ring.  Building on its extensive investment in health and fitness tracking technology, including the Galaxy Watch and the Samsung Health app, the Galaxy Ring monitors heart rate, heart rate variability, blood oxygen, movement, and sleep to provide users valuable insights and offer guidance to improve their health and wellbeing.  Samsung has completed the design for the Galaxy Ring and expects to commence mass production by mid-June 2024.  Samsung will be selling the Galaxy Ring in the United States in or around August of this year.

13.     Oura's declared strategy of asserting infringement against all entrants into the smart ring market presents an actual, imminent risk to Samsung and the sale of its Galaxy Ring product.  Oura has seen fit to assert infringement of its patents based on features common to virtually all smart rings, such as the inclusion of sensors, electronics, and batteries, and displaying

COMPLAINT FOR DECLARATORY JUDGMENT

a summary of the sensors' measurements to the user, often in the form of a "score."  And Oura has sued at least one manufacturer of a competing smart ring product even before that product was delivered to customers in the United States.

14.     Samsung denies that the Galaxy Ring infringes Oura's patents, including the Patents-in-Suit.  Oura has asserted the Patents-in-Suit against other smart ring manufacturers.  Accordingly, and for the reasons below, an actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Samsung and Oura regarding the Patents-in-Suit.

**A.      Oura Has A Demonstrated Policy Of Litigating Its Patents Against Competitors Before Or Shortly After The Sale Of Competing Products In The United States**

**i.      The Patents-in-Suit**

15.     U.S. Patent No. 10,842,429 (the "'429 Patent") is entitled "Method and System for Assessing a Readiness Score of a User" and bears a filing date of February 23, 2016, and an issuance date of November 24, 2020.  The '429 Patent lists Hannu Kinnunen, Harri Laakkonen, Kari Kivelä, Ashley Colley, Petteri Lahtela, Markku Koskela, and Heidi Jurvelin as co-inventors, and Oura Health Oy as the sole assignee.  A true and correct copy of the '429 Patent is attached hereto as Exhibit 1.  On information and belief, Oura Health Oy is the current assignee of the '429 Patent.

16.     U.S. Patent No. 11,868,178 (the "'178 Patent") is entitled "Wearable Computing Device" and bears a filing date of May 23, 2023, and an issuance date of January 9, 2024.  The '178 Patent lists Curt C. von Badinski, Michael J. Strasser, and Peter Twiss as co-inventors, and Ouraring Inc. as the sole assignee.  A true and correct copy of the '178 Patent is attached hereto as Exhibit 2.  On information and belief, Ouraring Inc. is the current assignee of the '178 Patent.

17.     U.S. Patent No. 11,868,179 (the "'179 Patent") is entitled "Wearable Computing Device" and bears a filing date of May 23, 2023, and an issuance date of January 9, 2024.  The '178 Patent lists Curt C. von Badinski, Michael J. Strasser, and Peter Twiss as co-inventors, and Ouraring Inc. as the sole assignee.  A true and correct copy of the '179 Patent is attached hereto as Exhibit 3.  On information and belief, Ouraring Inc. is the current assignee of the '179 Patent.

18.     U.S. Patent No. 10,893,833 (the "'833 Patent") is entitled "Wearable Electronic

COMPLAINT FOR DECLARATORY JUDGMENT

Device and Method for Manufacturing Thereof" and bears a filing date of December 8, 2017, and an issuance date of January 19, 2021.  The '833 Patent lists Teemu Haverinen, Marko Kelloniemi, Tomi Hautala, Kari Kivelä, and Markku Koskela, and Heidi Jurvelin as co-inventors, and Oura Health Oy as the sole assignee.  A true and correct copy of the '833 Patent is attached hereto as Exhibit 4.  On information and belief, Oura Health Oy is the current assignee of the '833 Patent.

19.     U.S. Patent No. 11,599,147 (the "'147 Patent") is entitled "Wearable Computing Device" and bears a filing date of November 4, 2021, and an issuance date of March 7, 2023.  The '147 Patent lists Curt C. von Badinski, Michael J. Strasser, and Peter Twiss as co-inventors, and Proxy, Inc. as the sole assignee.  A true and correct copy of the '147 Patent is attached hereto as Exhibit 5.  On information and belief, Ouraring Inc. is the current assignee of the '147 Patent.

    **ii.**  **Oura's Litigation Against Ultrahuman, Circular, and RingConn**

20.     Beginning in 2022, as significant competitors to the Oura Ring emerged, Oura commenced a campaign to assert its patents against each and every one of those competitors as soon as, or even before, they entered the U.S. market.

21.     On May 11, 2022, Oura filed suit against Circular SAS ("Circular") in the Western District of Texas.  *Ōura Health Oy v. Circular SAS*, No. 6:22-cv-478-ADA ("Circular Lawsuit"). In its lawsuit, Oura asserts that the Circular Ring and Circular App infringe the '429 and '833 Patents.  Circular Lawsuit, Compl. at Counts I and II.  At the time the suit was filed, Circular had yet to sell the Circular Ring in the United States.  Instead, as Oura stated in its complaint, Circular was accepting reservations for the Circular Ring, with Circular Rings expected to be delivered a few months later, in July or August of 2022.  *Id.*, ¶ 5.  According to the complaint, Oura contacted Circular in January 2022, and exchanged correspondence with Circular before filing suit.  *Id.*, ¶ 39.  According to the complaint, at that time, Circular was marketing the Circular Ring in the United States, but had not yet made sales or shipped any units of that product.  *Id.*, ¶ 40. As of the May 2022 filing, Circular was planning to import the Circular Ring into the United States and planning to make the Circular App available in the United States.  *Id.*, ¶ 41.  On information and belief, Oura alleged infringement by Circular and then filed suit against Circular before obtaining a sample of the Circular Ring and/or Circular App and without testing the

COMPLAINT FOR DECLARATORY JUDGMENT

1   Circular Ring and/or Circular App.

2        22.     On September 1, 2023, Oura filed suit against Ultrahuman Healthcare Pvt., Ltd.

3   and Ultrahuman Healthcare Ltd. (collectively, "Ultrahuman") in the Eastern District of Texas.

4   *Ōura Health Oy and Ouraring Inc. v. Ultrahuman Healthcare Ptv. Ltd. and Ultrahuman*

5   *Healthcare Ltd.*, No. 2:23-cv-396-JRG ("Ultrahuman Lawsuit").  In its First Amended

6   Complaint, Oura asserts that the Ultrahuman Ring and the Ultrahuman App infringe the '429,

7   '833, '178, and '179 Patents, and further asserts a claim of copyright infringement based on

8   allegations that the Ultrahuman App copies the appearance of the Oura App.  Ultrahuman

9   Lawsuit, Compl. at Counts I to V.  On information and belief, the Ultrahuman Ring began

10   shipping to the United States in or around early 2023.  On information and belief, no

11   communications between Oura and Ultrahuman took place before Oura filed suit; notably, the

12   complaint in the Ultrahuman Lawsuit makes no reference to any pre-suit communications

13   between Oura and Ultrahuman before suit was filed.

14        23.     On March 13, 2024, Oura filed a complaint with the International Trade

15   Commission ("ITC") against Respondents Circular and Ultrahuman, as well as RingConn LLC

16   and Guangdong Jiu Zhi Technology Co. Ltd. (collectively, "RingConn"), alleging infringement of

17   the '429, '178, and '179 Patents, and seeking to obtain an exclusion order to block imports of

18   smart rings by Respondents.  On April 17, 2024, the ITC instituted an investigation based on

19   Oura's complaint.  *Certain Smart Wearable Devices, Systems, and Components Thereof*, No. 337-

20   TA-1398 ("ITC Action").  In the ITC Action, Oura accuses Circular's Circular Application and

21   Circular Ring, including Circular Ring Pro 1 and Circular Ring Slim, of patent infringement.

22   Oura also accuses Ultrahuman's Ultrahuman Ring, Ultrahuman Ring AIR, and Ultrahuman

23   Application, of patent infringement.  And Oura further accused the RingConn Smart Ring and

24   RingConn Application, of patent infringement.  On information and belief, the RingConn Smart

25   Ring began shipping to the United States on or around August 2023.  On information and belief,

26   no pre-suit communications between Oura and RingConn took place before Oura filed its

27   complaint in the ITC.  As set forth in the scheduling order, the evidentiary hearing for the ITC

28   Action is set for December 11-17, 2024, with the final initial determination on violation set for

COMPLAINT FOR DECLARATORY
JUDGMENT

April 18, 2025.  ITC Action, Order No. 7.

               **iii.**     **Samsung Announces the Galaxy Ring, and Oura Makes Public Statements Regarding Future Patent Assertions In Response**

24.     Oura's actions and public statements demonstrate that Oura will continue asserting patent infringement against other entrants into the U.S. smart ring market, including Samsung. As detailed below, Oura's immediate response to the announcement of the Galaxy Ring was to point to the purported strength of its intellectual property portfolio.  And at the same time that Oura filed its ITC complaint against three different smart ring competitors, Oura declared its intention to assert its intellectual property against any future smart ring competitors.

25.     Samsung publicly introduced the Galaxy Ring on January 17, 2024 in San Jose, California at Galaxy Unpacked, Samsung's biannual showcase of new consumer devices and technology.  In February 2024, Samsung unveiled physical models of the Galaxy Ring in Barcelona, Spain, at the Mobile World Congress, an annual trade show dedicated to the mobile communications industry.

26.     On January 17, 2024, the very day that the Galaxy Ring was announced, Oura CEO Tom Hale provided TechCrunch with the following statement: "Oura has the strongest IP portfolio — in both hardware and software — for the smart ring form factor, with 100 granted patents, 270 pending patent applications and 130+ registered trademarks."
https://techcrunch.com/2024/01/17/samsung-is-taking-on-oura-with-the-galaxy-ring/.

27.     On January 25, 2024, a week after Samsung announced the Galaxy Ring, Mr. Hale held a televised interview with CNBC.  https://www.youtube.com/watch?v=IX0A1LTgdNE.  In that interview, Mr. Hale stated that Oura would closely monitor the development of Samsung's Galaxy Ring to see if there are any concerns of potential intellectual property violations.  Mr. Hale stated: "It's very important for us to protect the innovations that we've brought to the market," and noted that Oura has over 150 patents.  Mr. Hale further stated, "We'll see whether or not it [i.e., the Galaxy Ring] infringes on [Oura's technology].  **And frankly, we'll take the action that's appropriate.**"  Mr. Hale further praised the ITC exclusion order obtained by Masimo against Apple to block importation of the Apple Watch, citing that as evidence that

COMPLAINT FOR DECLARATORY JUDGMENT

smaller, lesser-known companies can take on tech giants if they suspect patent infringement.  In the same interview, Mr. Hale was asked whether he believed Oura's patents potentially cover every competitive product that enters the smart ring market.  He responded: "Anything is possible, but there are certainly things like the laws of physics, or the approach that you might take to pack a small number of sensors into a very small space, or the algorithms that you use to create biosignals and turn them into meaningful data."  Consistent with Mr. Hale's statement, Oura had already asserted patents against Circular and Ultrahuman that relate to sensors on a ring and conversion of sensor data into "scores."

28.     Two days later, on January 27, 2024, Tom's Guide published an article containing an interview with Mr. Hale.  https://www.tomsguide.com/wellness/oura-ceo-interview-samsung-galaxy-ring-is-a-validation-for-the-category.  In that article, Mr. Hale was asked what Oura was doing to maintain its competitive edge.  Mr. Hale answered by referring to Oura's purported "strongest IP portfolio – in both hardware and software – for the smart ring form factor, with hundreds of granted patents."

29.     On February 3, 2024, Oura's VP of Consumer Software, Jason Russell, gave an interview with Laptop Magazine in which he was asked specifically about Samsung's upcoming entrance into the smart ring market.  https://www.laptopmag.com/smartwatches/oura-vp-on-samsung-galaxy-ring-companies-are-scared-of-missing-out-on-the-next-big-wave.  Much like Mr. Hale, Mr. Russell stated that Oura has "one of the strongest IP portfolios — in both hardware and software — for the smart ring form factor, with hundreds of granted patents, pending patent applications, and registered trademarks."

30.     On March 13, 2024, two months after Mr. Hale's interview with CNBC praising Masimo's ITC action against Apple, Oura filed its ITC complaint against Circular, Ultrahuman, and RingConn.  In conjunction with that filing, Oura issued a blog post by Mr. Hale, stating: "**We're clear on where we stand when it comes to patent infringement**: we've spent over a decade investing countless hours of design, scientific research, and engineering into our hardware, software, and algorithms to create Oura Ring and the Oura Membership experience, **and we'll always protect those efforts**."  https://ouraring.com/blog/oura-files-itc-action-for-

COMPLAINT FOR DECLARATORY
JUDGMENT

patent-infringement/ (emphasis added).

31.     That same day, Business Wire published an article about Oura's ITC Action with quotes from Mr. Hale.  In that interview, Mr. Hale stated: "This ITC filing represents an important milestone in our commitment to protecting our innovation."  He continued:  "**Our message is clear**: we support innovation and embrace competition, but **we will take action to defend our intellectual property**."

https://www.businesswire.com/news/home/20240313561760/en/%C5%8CURA-Files-ITC-Action-Against-Ultrahuman-RingConn-and-Circular-for-Patent-Infringement (emphasis added).

**B.     Oura Has Asserted Patent Infringement Against Features Common To All Smart Rings**

32.     Oura's district court and ITC complaints demonstrate that Oura will assert infringement of its patents based on common, generic features found in virtually all smart rings—including in Samsung's forthcoming Galaxy Ring.

33.     For example, in asserting the '178 Patent against each of Circular, Ultrahuman, and RingConn, Oura alleges infringement based on a ring containing electronics, sensors, and a battery.  *See* ITC Action, Compl. Exs. 8, 11, and 13, excerpted below:

Circular:



COMPLAINT FOR DECLARATORY JUDGMENT

Ultrahuman:



RingConn:



34.    For example, in asserting the '179 Patent against each of Circular, Ultrahuman, and RingConn, Oura alleges infringement based on a ring containing LED sensors, motion sensors, and Bluetooth functionality.  *See* ITC Action, Compl. Exs. 9, 12, and 14, excerpted

COMPLAINT FOR DECLARATORY
JUDGMENT

1    below:

2    <u>Circular</u>:

3

4                                         •   1 infrared LED sensor
5    **Sensors**                          •   1 red LED sensor
                                          •   1 green LED sensor
6                                         •   3 axis accelerometer
                                          •   1 surface temperature sensor
7

8    <u>Ultrahuman</u>:



Equipped with a **PPG sensor**, the Ultrahuman Ring AIR empowers you to stay on top of your body's vitals such as heart rate, heart rate variability, blood oxygen saturation and more.

COMPLAINT FOR DECLARATORY JUDGMENT

RingConn:



35.     For example, in asserting the '429 Patent against Circular and Ultrahuman, Oura alleges infringement based on Circular's provision of an "energy score" and Ultrahuman's provision of a "recovery score," each of which is computed based on inputs such as heart rate variability, heart rate, and temperature.  *See* ITC Action, Compl. Exs. 10 and 15, excerpted below:

COMPLAINT FOR DECLARATORY
JUDGMENT

1

<u>Circular</u>:

2

3



Energy score

4

5

6

7

8

Good

9

10

As with all Circular scores, a score equal or above 90 is Excellent, from 80 to 89 is Good and below 80 is Poor.

11

12

13

14

The energy levels score is a score that is composed of your last days:

15

16

17

18

- Heart rate variability (HRV)

19

- Resting heart rate (RHR)

20

- Breathing Rate (BR)

- Activity volume

21

- Body recovery

22

- Sleep quality score & balance

23

- Temperature variation

- Wake up score

24

25

26

27

28

COMPLAINT FOR DECLARATORY
JUDGMENT

Ultrahuman:

# What is Recovery Score?

Recovery includes multiple parameters determining your rest and activity levels for the next day. The Ring AIR uses an aggregate measure of five factors determining your body's readiness for the next day.

With the recovery score, you'll know how much your body can endure or how much rest it requires. The score is a percentage measure from 0-100; a higher score indicates better recovery.

# How is it calculated?

Ultrahuman Ring AIR calculates the recovery score based on five factors – sleep, movement, temperature, resting heart rate and HRV. Each factor further has its measurement indices to arrive at individual values. Four of these five factors, excluding the movement index, are calculated daily using your baseline reading. While sleep and movement make up a major chunk of the recovery score, resting heart rate, HRV form, and body temperature are crucial parts of this mix.

If any of these values change, the overall score dwindles, showing you exactly what you need to improve on.

36.     Oura has also publicly filed complaints against both Circular and Ultrahuman in district court asserting that generic smart ring features infringe the '833 Patent.  For example, in asserting the '833 Patent against Circular and Ultrahuman, Oura alleges infringement based on a ring containing electronic parts.  *See* Circular Lawsuit, Complaint; Ultrahuman Lawsuit, First Amended Complaint, excerpted below:

COMPLAINT FOR DECLARATORY JUDGMENT

Circular:



Ultrahuman:



37.     While Samsung's forthcoming Galaxy Ring does not infringe any of Oura's patents, the Galaxy Ring includes features similar to those in the smart ring products of Ultrahuman, Circular, and RingConn, which Oura contends infringe its patents.

38.     For example, the Galaxy Ring is a ring that contains electronics, LEDs, sensors, and a battery.  *See* https://www.cnet.com/tech/mobile/galaxy-ring-my-hands-on-experience-with-samsungs-chic-wearable/ and https://www.cnet.com/pictures/samsungs-galaxy-ring-finally-shows-up-in-person/3/:



39.     The Galaxy Ring and Samsung Health App include an Energy Score based on multiple factors including sleep, activity, heart rate, and heart rate variability.



COMPLAINT FOR DECLARATORY JUDGMENT

**C.     Samsung Is Poised To Sell The Galaxy Ring In The United States**

40.     Samsung plans to begin sales and shipments to customers of the Galaxy Ring in the United States in or around August 2024.

41.     The hardware design of the Galaxy Ring was finalized in mid-May 2024, including the Galaxy Ring's materials, structure, dimensions, sensors (including motion sensors, temperature sensors, blood/heart-sensors, and any LED or light-based sensors), processor, memory, wireless communication modules, and battery design.  Mass production of the Galaxy Ring is scheduled to begin in mid-June 2024.

42.     The Samsung Health app already incorporates user activity and sleep data, and the design of the Energy Score feature is substantially fixed, including with respect to the algorithms and data used to generate the Energy Score.

43.     On March 28, 2024, the Galaxy Ring received Radio Frequency (RF) device authorization from the Federal Communications Commission, based on testing conducted in Korea.

44.     As discussed above, Oura has repeatedly and consistently asserted its patents against entrants to the smart ring market, including even before the sale and delivery of those products to customers in the United States.  Oura has repeatedly stated its intention to enforce its patents against entrants into the smart ring market, including in response to questions regarding Samsung's forthcoming release of the Galaxy Ring.  Oura has accused certain features of competing smart rings of infringing Oura's patents, where the same or similar features are found on the forthcoming Galaxy Ring.  Sales in the United States are expected on or around August 2024.  Accordingly, an actual and justiciable controversy exists between Samsung and Oura regarding whether or not Samsung's Galaxy Ring infringes Oura's patents.

**II.     Ōura Health Oy And Ouraring Inc. Are Subject To The Personal Jurisdiction Of This Court**

45.     This Court has personal jurisdiction over Oura at least because it (1) maintains office space and employs individuals in this District; (2) regularly conducts and solicits business in this District; and (3) purposefully established substantial, systematic, and continuous contacts

with this District and should reasonably expect to be subject to suit here by its presence and offering of products and services in this District.

46.     On information and belief, Ouraring Inc. has a principal place of business in this District at 222 Kearny Street, 7th Floor, San Francisco, California 94108.  On information and belief, Ouraring Inc. employs more than 50 employees at its San Francisco office.

47.     On information and belief, Ōura Health Oy is a Finnish company and conducts business in the United States through its U.S. subsidiary, Ouraring Inc.  On information and belief, Ōura Health Oy has adopted Ouraring Inc.'s principal place of business in San Francisco as its own.

48.     On its website, Oura advertises more than 30 jobs for its San Francisco location. Careers at Ōura (last visited May 4, 2024), https://apply.workable.com/oura-health-ltd/.

49.     In a recent filing at the ITC, Oura touted its "significant U.S. presence," which includes "significant investment in plant and equipment … in U.S. facilities in San Francisco and San Diego, California."  ITC Action, Compl. ¶ 89.

50.     Oura sells the Oura Ring throughout the United States, including in this District, via its website and a variety of retailers.  For example, the Oura Ring is available for purchase at Best Buy (13th and Harrison St.) in San Francisco.  Search Results for "Oura Ring" (last visited May 5, 2024), https://www.bestbuy.com/site/searchpage.jsp?st=oura+ring&_dyncharset=UTF-8&id=pcat17071&type=page&sc=Global&cp=1&list=n&af=true&iht=y&usc=All+Categories&ks=960&keys=keys&extStoreId=187.

51.     Some of the Patents-in-Suit are related to and in the same patent family as patent applications filed by Motiv Inc. ("Motiv"), a San Francisco-based maker of a smart consumer wearable known as the Motiv Ring.  On information and belief, Motiv employed individuals in this District, including the named inventors of the '147, '178, '179, '702, '034, '859, and '953 Patents.

52.     In April 2020, Proxy, Inc. ("Proxy"), a San Francisco-based startup specializing in digital identity technologies, acquired Motiv.  Proxy Acquires Smart Ring Startup Motiv, Sparking Paradigm Shift in How People Use Wearables to Interface with Physical World (last

COMPLAINT FOR DECLARATORY JUDGMENT

1  visited May 4, 2024), https://www.globenewswire.com/en/news-

2  release/2020/04/27/2022604/0/en/Proxy-Acquires-Smart-Ring-Startup-Motiv-Sparking-

3  Paradigm-Shift-in-How-People-Use-Wearables-to-Interface-with-Physical-World.html.  On

4  information and belief, Proxy employed individuals in this District.  On information and belief,

5  Proxy acquired Motiv's entire patent portfolio as part of the acquisition.

6      53.    Oura acquired Proxy in 2023.  Ōura Acquires Proxy in All-Equity Deal (last

7  visited May 5, 2024), https://ouraring.com/blog/oura-acquires-proxy/.  On information and belief,

8  Oura acquired Proxy's entire patent portfolio as part of the acquisition, which included Motiv's

9  patents.  Specifically, while the '429 and '833 Patents were each purportedly invented by

10  employees of Oura and were purportedly assigned by those inventors to Oura, the '147, '178,

11  '179, '702, '034, '859, and '953 Patents are related to patent applications filed by Motiv, and later

12  granted to either Motiv or Proxy.

### INTRADISTRICT ASSIGNMENT

14      54.    Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights

15  Action subject to assignment on a district-wide basis.

### FACTUAL BACKGROUND

17      55.    Samsung incorporates by reference the summary of Oura's patents as set forth

18  above in paragraphs 15-19.

### COUNT I

20  **(Declaratory Judgment of Non-Infringement of the '429 Patent by Galaxy Ring)**

21      56.    Samsung incorporates by reference the allegations set forth in paragraphs 1

22  through 55 above as though fully set forth herein.

23      57.    Oura claims to own all right, title, and interest in the '429 Patent.

24      58.    As set forth above, Oura has asserted the '429 Patent against Circular, Ultrahuman,

25  and RingConn against competing ring products in the Circular Lawsuit, the Ultrahuman Lawsuit,

26  and the ITC Action.

27      59.    As set forth above, Oura sued Circular for infringement of the '429 Patent before

28  Circular completed any sales of accused products in the United States, and Oura sued Ultrahuman

COMPLAINT FOR DECLARATORY
JUDGMENT

and RingConn for infringement of the '429 Patent shortly after they made sales of accused products in the United States.

60.     As set forth above, an actual and justiciable controversy exists between Samsung and Oura concerning whether the Galaxy Ring product infringes any claim of the '429 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '429 Patent.

61.     The Galaxy Ring has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '429 Patent, either literally or under the doctrine of equivalents.

62.     Claims 1 and 8 are the only independent claims of the '429 Patent.

63.     Claim 1 requires "determining a body response summary based on the rest summary and the activity summary."  Claim 8 requires "determine a body response summary based on the rest summary and the activity summary."

64.     The Galaxy Ring does not meet the claim requirement of "determining a body response summary based on the rest summary and the activity summary" or "determine a body response summary based on the rest summary and the activity summary" at least because the Galaxy Ring does not calculate a body response summary based on determined values for a rest summary and an activity summary.

65.     Claim 1 requires "calculating a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user."  Claim 8 requires "calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user."

66.     The Galaxy Ring does not meet the claim requirement of "calculating a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user" or "calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user" at least because the Galaxy Ring does not calculate a

COMPLAINT FOR DECLARATORY JUDGMENT

readiness score based on a body response summary and a previous body response summary.

67.     Claim 8 requires "a server configured to communicate with the mobile communication device, the server being operable to[:] use the measured user's movements to determine a nature of the period, wherein the nature of the period is selected from the activity period and the rest period, determine a rest summary for the rest period, based on the measured at least one biosignal and at least one biosignal of a previous rest period, determine an activity summary for the activity period, based on the measured movements and measured movements of at least one previous activity period, determine a body response summary based on the rest summary and the activity summary; and calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user."

68.     The Galaxy Ring does not meet the claim requirement of "a server configured to communicate with the mobile communication device, the server being operable to[:] use the measured user's movements to determine a nature of the period, wherein the nature of the period is selected from the activity period and the rest period, determine a rest summary for the rest period, based on the measured at least one biosignal and at least one biosignal of a previous rest period, determine an activity summary for the activity period, based on the measured movements and measured movements of at least one previous activity period, determine a body response summary based on the rest summary and the activity summary; and calculate a readiness score based on the body response summary and a previous body response summary, whereby the readiness score indicates a level of readiness of the user" at least because the Galaxy Ring does not use a server to (1) determine a nature of a period, (2) determine a rest summary, (3) determine an activity summary, (4) determine a body response summary, and/or (5) calculate a readiness score.

69.     For at least the above reasons, the Galaxy Ring does not infringe any claim of the '429 Patent, either literally or under the doctrine of equivalents.

70.     Samsung does not induce infringement of any claim of the '429 Patent because, for at least the reasons stated above, there is no direct infringement of those claims because the

COMPLAINT FOR DECLARATORY
JUDGMENT

Galaxy Ring does not satisfy several limitations of those claims.  Additionally, Samsung has not acted with the knowledge and/or specific intent necessary for induced infringement and has not encouraged others' infringement.

71.     Samsung does not contributorily infringe any claim of the '429 Patent because, for at least the reasons stated above, there is no direct infringement of those claims because the Galaxy Ring does not satisfy several limitations of those claims.  In addition, the Galaxy Ring was not designed for an infringing use, has substantial noninfringing uses, and is not a material part of any infringing combination.  Additionally, Samsung did not have the knowledge or intent necessary for contributory infringement.

72.     Samsung is entitled to a judgment from this Court that Samsung has not infringed, and does not infringe, any valid and enforceable claim of the '429 Patent.

## COUNT II

**(Declaratory Judgment of Non-Infringement of the '178 Patent by Galaxy Ring)**

73.     Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

74.     An actual and justiciable controversy exists between Samsung and Oura concerning the non-infringement of the '178 Patent.

75.     As set forth above, Oura has asserted the '178 Patent against Circular, Ultrahuman, and RingConn against competing ring products in the Ultrahuman Lawsuit and the ITC Action.

76.     As set forth above, Oura sued Ultrahuman and RingConn for infringement of the '178 Patent shortly after they made sales of accused products in the United States.

77.     The Galaxy Ring has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '178 Patent, either literally or under the doctrine of equivalents.

78.     Claim 1 is the only independent claim of the '178 Patent.

79.     Claim 1 requires "an external housing component defining an outer circumferential surface of the finger-worn wearable ring device."

COMPLAINT FOR DECLARATORY
JUDGMENT

80.     The Galaxy Ring does not meet the claim requirement of "an external housing component defining an outer circumferential surface of the finger-worn wearable ring device" at least because the Galaxy Ring does not have an external housing component which defines an outer circumferential surface of the device.

81.     Claim 1 requires "an internal housing component defining an inner circumferential surface of the finger-worn wearable ring device, the internal housing component coupled with the external housing component."

82.     The Galaxy Ring does not meet the claim requirement of "an internal housing component defining an inner circumferential surface of the finger-worn wearable ring device, the internal housing component coupled with the external housing component" at least because the Galaxy Ring does not have an internal housing component which (1) defines an inner circumferential surface of the device and/or (2) is coupled with an external housing component.

83.     Claim 1 requires "a battery positioned within a cavity formed between the internal housing component and the external housing component."

84.     The Galaxy Ring does not meet the claim requirement of "a battery positioned within a cavity formed between the internal housing component and the external housing component" at least because the Galaxy Ring does not include a battery positioned between a cavity formed between an internal housing component and an external housing component.

85.     Claim 1 requires "wherein the battery comprises a shape and size configured to fit within the cavity between the outer circumferential surface of the external housing component and the inner circumferential surface of the internal housing component."

86.     The Galaxy Ring does not meet the claim requirement of "wherein the battery comprises a shape and size configured to fit within the cavity between the outer circumferential surface of the external housing component and the inner circumferential surface of the internal housing component" at least because the Galaxy Ring does not include a battery of a shape and size configured to fit within a cavity between an outer circumferential surface of an external housing component and an inner circumferential surface of an internal housing component.

87.     Claim 1 requires "a printed circuit board disposed between the internal housing

COMPLAINT FOR DECLARATORY JUDGMENT

1  component and the external housing component."

2  88.     The Galaxy Ring does not meet the claim requirement of "a printed circuit board

3  disposed between the internal housing component and the external housing component" at least

4  because the Galaxy Ring does not include a printed circuit board disposed between an internal

5  housing component and an external housing component.

6  89.     Claim 1 requires "wherein the printed circuit board extends through at least a

7  second portion of the cavity of the finger-worn wearable ring device different from the first

8  portion."

9  90.     The Galaxy Ring does not meet the claim requirement of "wherein the printed

10 circuit board extends through at least a second portion of the cavity of the finger-worn wearable

11 ring device different from the first portion" at least because the Galaxy Ring does not include a

12 printed circuit board that extends through at least a second portion of a cavity of a device that is

13 different from a first portion.

14 91.     For at least the above reasons, the Galaxy Ring does not infringe any claim of the

15 '178 Patent, either literally or under the doctrine of equivalents.

16 92.     Samsung does not induce infringement of any claim of the '178 Patent because,

17 for at least the reasons stated above, there is no direct infringement of those claims because the

18 Galaxy Ring does not satisfy several limitations of those claims. Additionally, Samsung has not

19 acted with the knowledge and/or specific intent necessary for induced infringement and has not

20 encouraged others' infringement.

21 93.     Samsung does not contributorily infringe any claim of the '178 Patent because, for

22 at least the reasons stated above, there is no direct infringement of those claims because the

23 Galaxy Ring does not satisfy several limitations of those claims. In addition, the Galaxy Ring was

24 not designed for an infringing use, has substantial noninfringing uses, and is not a material part of

25 any infringing combination. Additionally, Samsung did not have the knowledge or intent

26 necessary for contributory infringement.

27 94.     Samsung is entitled to a judgment from this Court that Samsung has not infringed,

28 and does not infringe, any valid and enforceable claim of the '178 Patent.

COMPLAINT FOR DECLARATORY
JUDGMENT

**COUNT III**

**(Declaratory Judgment of Non-Infringement of the '179 Patent by Galaxy Ring)**

95.     Samsung hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint as if fully set forth herein.

96.     Oura claims to own all right, title, and interest in the '179 Patent.

97.     An actual and justiciable controversy exists between Samsung and Oura concerning the non-infringement of the '179 Patent.

98.     As set forth above, Oura has asserted the '179 Patent against Circular, Ultrahuman, and RingConn against competing ring products in the Ultrahuman Lawsuit and the ITC Action.

99.     As set forth above, Oura sued Ultrahuman and RingConn for infringement of the '179 Patent shortly after they made sales of accused products in the United States.

100.    The Galaxy Ring has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '179 Patent, either literally or under the doctrine of equivalents.

101.    Claim 1 is the only independent claim of the '179 Patent.

102.    Claim 1 requires "a housing comprising an interior wall and an exterior wall of the wearable computing device."

103.    The Galaxy Ring does not meet the claim requirement of "a housing comprising an interior wall and an exterior wall of the wearable computing device" at least because the Galaxy Ring does not include a housing comprising an interior wall and an exterior wall of the device.

104.    Claim 1 requires "one or more light-receiving components configured to receive the light associated with the two or more wavelengths."

105.    The Galaxy Ring does not meet the claim requirement of "one or more light-receiving components configured to receive the light associated with the two or more wavelengths" at least because the Galaxy Ring does not include light-receiving components that receive light from multiple wavelengths.

106.    For at least the above reasons, the Galaxy Ring does not infringe any claim of the '179 Patent, either literally or under the doctrine of equivalents.

COMPLAINT FOR DECLARATORY JUDGMENT

107.    Samsung does not induce infringement of any claim of the '179 Patent because, for at least the reasons stated above, there is no direct infringement of those claims because the Galaxy Ring does not satisfy several limitations of those claims. Additionally, Samsung has not acted with the knowledge and/or specific intent necessary for induced infringement and has not encouraged others' infringement.

108.    Samsung does not contributorily infringe any claim of the '179 Patent because, for at least the reasons stated above, there is no direct infringement of those claims because the Galaxy Ring does not satisfy several limitations of those claims. In addition, the Galaxy Ring was not designed for an infringing use, has substantial noninfringing uses, and is not a material part of any infringing combination. Additionally, Samsung did not have the knowledge or intent necessary for contributory infringement.

109.    Samsung is entitled to a judgment from this Court that Samsung has not infringed, and does not infringe, any valid and enforceable claim of the '179 Patent.

## <u>COUNT IV</u>

### **(Declaratory Judgment of Non-Infringement of the '833 Patent by Galaxy Ring)**

110.    Samsung incorporates by reference the allegations set forth in paragraphs 1 through 55 above as though fully set forth herein.

111.    Oura claims to own all right, title, and interest in the '833 Patent.

112.    An actual and justiciable controversy exists between Samsung and Oura concerning the non-infringement of the '833 Patent.

113.    As set forth above, Oura has asserted the '833 Patent against Circular and Ultrahuman against competing ring products in the Circular Lawsuit and the Ultrahuman Lawsuit.

114.    As set forth above, Oura sued Circular for infringement of the '833 Patent before Circular completed any sales of accused products in the United States, and Oura sued Ultrahuman for infringement of the '833 Patent shortly after Ultrahuman made sales of accused products in the United States.

115.    As set forth above, an actual and justiciable controversy exists between Samsung and Oura concerning whether the Galaxy Ring product infringes any claim of the '833 Patent. A

COMPLAINT FOR DECLARATORY
JUDGMENT

1    judicial declaration is necessary to determine the parties' respective rights regarding the '833

2    Patent.

3         116.    The Galaxy Ring has not infringed, and does not infringe, directly or indirectly,

4    any valid and enforceable claim of the '833 Patent, either literally or under the doctrine of

5    equivalents.

6         117.    Claim 1 is the only independent claim of the '833 Patent.

7         118.    Claim 1 requires "wherein at least one cavity is formed on the inner surface of the

8    body part, the at least one cavity extending from the inner surface of the body part towards the

9    outer surface of the body part."

10        119.    The Galaxy Ring does not meet the claim requirement of "wherein at least one

11   cavity is formed on the inner surface of the body part" at least because the Galaxy Ring does not

12   include a cavity is formed on the inner surface of a body part.

13        120.    Claim 1 requires "the at least one cavity extending from the inner surface of the

14   body part towards the outer surface of the body part."

15        121.    The Galaxy Ring does not meet the claim requirement of "the at least one cavity

16   extending from the inner surface of the body part towards the outer surface of the body part" at

17   least because the Galaxy Ring does not include a cavity extending from an inner surface of a body

18   part towards an outer surface of a body part.

19        122.    Claim 1 requires "at least one cavity … having a depth arranged within the inner

20   surface of the body part."

21        123.    The Galaxy Ring does not meet the claim requirement of "at least one cavity …

22   having a depth arranged within the inner surface of the body part" at least because the Galaxy

23   Ring does not include a cavity having a depth arranged within an inner surface of a body part.

24        124.    Claim 1 requires "an electronic part arranged in said at least one cavity."

25        125.    The Galaxy Ring does not meet the claim requirement of "an electronic part

26   arranged in said at least one cavity" at least because the Galaxy Ring does not include an

27   electronic part arranged in a cavity.

28        126.    Claim 1 requires "which electronic part has a thickness that is less than the depth

COMPLAINT FOR DECLARATORY
JUDGMENT

1  of the at least one cavity."

2      127.    The Galaxy Ring does not meet the claim requirement of "which electronic part

3  has a thickness that is less than the depth of the at least one cavity" at least because the Galaxy

4  Ring does not include an electronic part with a thickness less than the depth of a cavity.

5      128.    For at least the above reasons, the Galaxy Ring does not infringe any claim of the

6  '833 Patent, either literally or under the doctrine of equivalents.

7      129.    Samsung does not induce infringement of any claim of the '833 Patent because,

8  for at least the reasons stated above, there is no direct infringement of those claims because the

9  Galaxy Ring does not satisfy several limitations of those claims. Additionally, Samsung has not

10  acted with the knowledge and/or specific intent necessary for induced infringement and has not

11  encouraged others' infringement.

12      130.    Samsung does not contributorily infringe any claim of the '833 Patent because, for

13  at least the reasons stated above, there is no direct infringement of those claims because the

14  Galaxy Ring does not satisfy several limitations of those claims.  In addition, the Galaxy Ring

15  was not designed for an infringing use, has substantial noninfringing uses, and is not a material

16  part of any infringing combination.  Additionally, Samsung did not have the knowledge or intent

17  necessary for contributory infringement.

18      131.    Samsung is entitled to a judgment from this Court that Samsung has not infringed,

19  and does not infringe, any valid and enforceable claim of the '833 Patent.

20  **COUNT V**

21  **(Declaratory Judgment of Non-Infringement of the '147 Patent by Galaxy Ring)**

22      132.    Samsung incorporates by reference the allegations set forth in paragraphs 1

23  through 55 above as though fully set forth herein.

24      133.    Oura claims to own all right, title, and interest in the '147 Patent.

25      134.    An actual and justiciable controversy exists between Samsung and Oura

26  concerning the non-infringement of the '147 Patent.

27      135.    The claims of the '147 Patent are similar, and for many claim limitations, nearly

28  verbatim, to the claims of the '833 Patent.

COMPLAINT FOR DECLARATORY
JUDGMENT

136.    The Galaxy Ring has not infringed, and does not infringe, directly or indirectly, any valid and enforceable claim of the '147 Patent, either literally or under the doctrine of equivalents.

137.    Claims 1, 10, 18, and 21 are the only independent claims of the '147 Patent.

138.    Claims 1 and 10 require "wherein a cavity is formed on the inner surface of the body part."  Claim 18 requires "wherein a cavity is formed on the inner surface of the C-shaped body part."

139.    The Galaxy Ring does not meet the claim requirement of "wherein a cavity is formed on the inner surface of the body part" or "wherein a cavity is formed on the inner surface of the C-shaped body part" at least because the Galaxy Ring does not include a cavity formed on the inner surface of a body part.

140.    Claims 1 and 10 require "the cavity extending from the inner surface of the body part towards the outer surface of the body part."  Claim 18 requires "the cavity extending from the inner surface of the C-shaped body part towards the outer surface of the C-shaped body part."

141.    The Galaxy Ring does not meet the claim requirement of "the cavity extending from the inner surface of the body part towards the outer surface of the body part" or "the cavity extending from the inner surface of the C-shaped body part towards the outer surface of the C-shaped body part" at least because the Galaxy Ring does not include a cavity extending from an inner surface of a body part towards an outer surface of a body part.

142.    Claims 1 and 10 require "the cavity … having a depth arranged within the inner surface of the body part."  Claim 18 requires "the cavity … having a depth arranged within the inner surface of the C-shaped body part."

143.    The Galaxy Ring does not meet the claim requirement of "the cavity … having a depth arranged within the inner surface of the body part" or "the cavity … having a depth arranged within the inner surface of the C-shaped body part" at least because the Galaxy Ring does not include a cavity having a depth arranged within an inner surface of a body part.

144.    Claims 1 and 18 require "an electronic part arranged in the cavity."  Claim 10 requires "disposing an electronic part in the cavity."

145.    The Galaxy Ring does not meet the claim requirement of "an electronic part arranged in the cavity" or "disposing an electronic part in the cavity" at least because the Galaxy Ring does not include an electric part arranged or disposed in a cavity.

146.    Claims 1, 10, and 18 require "wherein at least a portion of the electronic part has a thickness that is less than the depth of the cavity."

147.    The Galaxy Ring does not meet the claim requirement of "wherein at least a portion of the electronic part has a thickness that is less than the depth of the cavity" at least because the Galaxy Ring does not include an electronic part having a portion with a thickness that is less than the depth of a cavity.

148.    Claim 18 requires "a C-shaped body part made of a material."

149.    The Galaxy Ring does not meet the claim requirement of "a C-shaped body part made of a material" at least because the Galaxy Ring does not include a C-shaped body part made of a material.

150.    Claim 21 requires "an external portion made of a first material."

151.    The Galaxy Ring does not meet the claim requirement of "an external portion made of a first material" at least because the Galaxy Ring does not include an external portion made of a first material.

152.    Claim 21 requires "an interior portion coupled to the external portion, wherein the interior portion is disposed below the inner surface of the external portion, wherein the interior portion is made of a second material."

153.    The Galaxy Ring does not meet the claim requirement of "an interior portion coupled to the external portion, wherein the interior portion is disposed below the inner surface of the external portion, wherein the interior portion is made of a second material" at least because the Galaxy Ring does not include an interior portion coupled to an external portion, wherein the interior portion is disposed below an inner surface of an external portion and wherein an interior portion is made of a second material.

154.    Claim 18 requires "a flexible printed circuit board having an electronic component disposed thereon."  Claim 21 requires "a rigid-flex printed circuit board comprising at least a first

COMPLAINT FOR DECLARATORY
JUDGMENT

1    rigid circuit board and a second rigid circuit board coupled via a flexible material."

2    155.    The Galaxy Ring does not meet the claim requirement of "a flexible printed circuit

3    board having an electronic component disposed thereon" or "a rigid-flex printed circuit board

4    comprising at least a first rigid circuit board and a second rigid circuit board coupled via a

5    flexible material" at least because the Galaxy Ring does not include (1) a flexible printed circuit

6    board with an electronic component disposed thereon, and/or (2) a rigid-flex printed circuit board

7    comprising a first rigid circuit board and a second rigid circuit board coupled via a flexible

8    material.

9    156.    For at least the above reasons, the Galaxy Ring does not infringe any claim of the

10    '147 Patent, either literally or under the doctrine of equivalents.

11    157.    Samsung does not induce infringement of any claim of the '147 Patent because,

12    for at least the reasons stated above, there is no direct infringement of those claims because the

13    Galaxy Ring does not satisfy several limitations of those claims. Additionally, Samsung has not

14    acted with the knowledge and/or specific intent necessary for induced infringement and has not

15    encouraged others' infringement.

16    158.    Samsung does not contributorily infringe any claim of the '147 Patent because, for

17    at least the reasons stated above, there is no direct infringement of those claims because the

18    Galaxy Ring does not satisfy several limitations of those claims. In addition, the Galaxy Ring was

19    not designed for an infringing use, has substantial noninfringing uses, and is not a material part of

20    any infringing combination. Additionally, Samsung did not have the knowledge or intent

21    necessary for contributory infringement.

22    159.    Samsung is entitled to a judgment from this Court that Samsung has not infringed,

23    and does not infringe, any valid and enforceable claim of the '147 Patent.

24    **<u>PRAYER FOR RELIEF</u>**

25    WHEREFORE, Samsung prays for judgment as follows:

26    A.    Declaring that Samsung does not directly or indirectly infringe any asserted

27    claims of Patents-in-Suit, either literally or under the doctrine of equivalents;

28    B.    Enjoining Oura and its officers, agents, servants, employees, and those persons

COMPLAINT FOR DECLARATORY
JUDGMENT

1   in active concert or participation with them from directly or indirectly asserting infringement or

2   instituting any action for infringement of the Patents-in-Suit against Samsung or any of its

3   customers or suppliers;

4         C.     Declaring that judgment be entered in favor of Samsung and against Oura on

5   Samsung's claims;

6         D.     Finding that this is an exceptional case under 35 U.S.C. § 285;

7         E.     Awarding Samsung its costs and attorneys' fees in connection with this action;

8   and

9         F.     Awarding Samsung such other and further relief as the Court deems just and

10  proper.

11                            **<u>JURY DEMAND</u>**

12        Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Samsung

13  demands a jury trial on all issues and claims so triable.

14

15  Dated:  May 30, 2024                    O'MELVENY & MYERS LLP

16

17                                 By:    /s/ *Ryan Yagura*

18

19                                 RYAN YAGURA
                                   MARC PENSABENE
20                                 MARK LIANG
                                   BILL TRAC
21                                 SORIN ZAHARIA
                                   CASON COLE
22                                 JOANNE BAE

23                                 *Attorneys for Plaintiff Samsung Electronics*
                                   *Co., Ltd. and Samsung Electronics America,*
24                                 *Inc.*

25

26

27

28

- 32 -                                     COMPLAINT FOR DECLARATORY
                                                          JUDGMENT