| | |
|---|---|
| RYAN YAGURA (CA S.B. #197619)<br>ryagura@omm.com<br>**O'MELVENY & MYERS LLP**<br>400 South Hope Street, 18th Floor<br>Los Angeles, California 90071<br>Telephone: +1 213 430 6000 | JANINE A. CARLAN (C.A. SB # 197613)<br>janine.carlan@afslaw.com<br>**ARENTFOX SCHIFF LLP**<br>44 Montgomery St., 38th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 757-5500 |
| MARC PENSABENE (NY S.B. #2656361)<br>mpensabene@omm.com<br>JOANNE BAE (NY S.B. #5921499)<br>jbae@omm.com<br>**O'MELVENY & MYERS LLP**<br>1301 Avenue of the Americas, Suite 1700<br>New York, New York 10019<br>Telephone: +1 212 326 2000 | JASJIT S. VIDWAN (D.C. SB # 252512)<br>jasjit.vidwan@afslaw.com<br>**ARENTFOX SCHIFF LLP**<br>1717 K St., NW,<br>Washington, D.C. 20006<br>Telephone: (202) 857-6000<br><br>*Attorneys for Defendants ŌURA HEALTH OY and OURARING INC.* |
| MARK LIANG (CA S.B. # 278487)<br>mliang@omm.com<br>BILL TRAC (CA S.B. #281437)<br>btrac@omm.com<br>SORIN ZAHARIA (CA S.B. #312655)<br>szaharia@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center, 28th Floor<br>San Francisco, California 94111-3823<br>Telephone: +1 415 984 8700 | |

[*Counsel continued on next page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>   Plaintiffs,<br><br>v.<br><br>ŌURA HEALTH OY and OURARING INC.,<br><br>   Defendants. | Case No. 3:24-cv-03245-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: October 3, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Araceli Martinez-Olguin<br>Courtroom: Courtroom 10, 19th Floor |

1 | [*Counsel continued from previous page*]

2 | CASON COLE (TX S.B. #24109741)
ccole@omm.com
3 | **O'MELVENY & MYERS LLP**
2801 N. Harwood St., 17th Floor
4 | Dallas, Texas 75201
Telephone: +1 972 360 1916

*Attorneys for Plaintiffs*
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA, INC.

Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and Defendants Ōura Health Oy and Ouraring Inc. (collectively, "Oura" and together with Samsung, "the parties") hereby submit this Joint Case Management Statement and Proposed Order pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Court's notice and order setting the October 3, 2024 Case Management Conference (ECF 24).

**1.   JURISDICTION & SERVICE**

Samsung asserts that this Court has subject matter jurisdiction over this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 et seq.

Oura contests subject matter jurisdiction for the reasons set forth in Oura's Motion to Dismiss (ECF 29). Oura's Motion is fully briefed and is set for hearing on November 25, 2024. Oura does not contest service or personal jurisdiction for this litigation.

**2.   FACTS**

On May 30, 2024, Samsung filed this declaratory judgment action against Oura in this District seeking judgment of non-infringement as to the following patents owned by Oura: U.S. Patent Nos. 10,842,429; 11,868,178; 11,868,179; 10,893,833; 11,599,147 (collectively, the "Patents-in-Suit"). ECF 1. Samsung seeks a declaration that Samsung and the Samsung Galaxy Ring do not infringe the Patents-in-Suit.

Plaintiffs' Position: The principal facts in dispute are facts relevant to patent infringement/non-infringement, and include the scope of the subject matter claimed in the Asserted Patents, the prosecution of the Asserted Patents, and the operation of the accused products.

Defendants' Position: There is no dispute at this time between Plaintiffs and Defendants.

**3.   LEGAL ISSUES**

Plaintiffs believe that principal disputed legal issues include:

- Whether Samsung infringes any claims of the Patents-in-Suit;
- Whether Oura is enjoined from asserting infringement or instituting any action for

infringement of the Patents-in-Suit against Samsung or any of Samsung's customers or suppliers;

- Whether this case is exceptional under 35 U.S.C. § 285;
- Whether any party is entitled to its costs and attorneys' fees in connection with this action; and
- Whether any other forms of relief are due to any party.

Defendants believe that the only legal issue at this time is whether the Court has jurisdiction to hear this matter.

The parties reserve the right to raise additional factual or legal issues that may arise, if this case continues after resolution of Oura's motion to dismiss (ECF No. 29).

**4.  MOTIONS**

**A.  Pending Motion**

| ECF No. | Date | Title | Status |
|---|---|---|---|
| 29 | June 14, 2024 | Oura's Motion to Dismiss Complaint for Declaratory Judgment | Pending. Samsung's opposition (ECF No. 33) filed on June 28, 2024. Oura's reply (ECF No. 36) filed on July 5, 2024. Hearing set for November 25, 2024 at 2:00 p.m. |

**B.  Anticipated Motions**

The parties may file dispositive motions, *Daubert* motions, motions to strike, and motions *in limine* at later stages of this case, if this case continues after resolution of Oura's motion to dismiss (ECF No. 29).

1 | **5.** **AMENDMENT OF PLEADINGS**

The parties have agreed on a deadline to amend pleadings as indicated in the schedule in Section 16 below.

**6.** **EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and Checklist for ESI Meet and Confer, including the portions related to evidence preservation. They are aware of their obligation to cooperate on issues relating to the preservation, collection, search, review, and production of ESI and that the proportionality standard in Federal Rule of Civil Procedure 26(b)(1) applies to discovery.

The parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case. These steps include, but are not limited to, putting in place a litigation hold for both hardcopy documents and electronically stored information.

**7.** **DISCLOSURES**

The parties agree to comply with the initial disclosure requirements of Rule 26(a)(1) according to the proposed schedule in Section 16 below.

**8.** **DISCOVERY**

    **A.** **Protective Order**

If there is a decision denying Defendants' Motion to Dismiss, the parties intend to negotiate and submit a Stipulated Protective Order in this case.

    **B.** **Scope of Anticipated Discovery**

If there is a decision denying Defendants' Motion to Dismiss, the parties anticipate that discovery will encompass information relevant to resolution of Plaintiffs' claims, including: the scope of the claimed subject matter of the Asserted Patents; Samsung's Galaxy Ring products; and prosecution of the Asserted Patents.

    **C.** **Discovery Limits**

If there is a decision denying Defendants' Motion to Dismiss, the parties agree to the following limits on non-jurisdictional fact discovery:

- 25 Interrogatories per side.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 40 Requests for Admission per side.
- Each side may also serve a reasonable number of additional Requests for Admission that seek an admission as to (a) the authenticity of a particular document or thing, (b) the admissibility of a particular document or thing, and/or (c) whether a document qualifies as a printed publication under 35 U.S.C. § 102, or the date(s) of publication or public use/availability of documents and things.
- Samsung may take up to 35 hours of fact deposition testimony of Oura, including depositions under Rule 30(b)(1) and Rule 30(b)(6). A deposition lasting less than four (4) hours shall count as four (4) hours against the foregoing limit.
- Oura may take up to 35 hours of fact deposition testimony of Samsung, including depositions under Rule 30(b)(1) and Rule 30(b)(6). A deposition lasting less than four (4) hours shall count as four (4) hours against the foregoing limit.
- In addition, each side may take up to 35 hours of third-party deposition testimony.
- Each testifying expert may be deposed for no more than seven (7) hours per report offered by the expert, but in any event, for a total of no more than fourteen (14) hours per expert.

Any party may later move to modify these limitations for good cause.

### D. Any Other Orders that the Court Should Issue Under FRCP 26(c) or Under FRCP 16(b)

E-mail Service: The parties consent to service by electronic means as set forth in FRCP 5(b)(2)(E), including service by e-mail and via other widely used electronic file transfer services. Service by e-mail will be treated as service by hand delivery. The parties agree that service by email by 11:59 P.M. Pacific time on a given day will be treated as service by personal delivery that day. Notwithstanding the foregoing, the parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email, and that ECF filing constitutes personal service as of the date and time such document was filed. Further, the parties will use best efforts to serve by email all documents filed under seal or manually within two hours following a related ECF filing. The email service of such documents shall relate back to the time of the related

ECF filing.

Production of Materials Obtained Via Third-Party Subpoena: A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 3 business days. Where reproduction of documents within 3 business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least 10 business days' notice to allow for the coordination of depositions.

Expert Discovery Privilege: The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied upon by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials on which he or she relied.

Privileged And Work Product Information: Pursuant to Federal Rule of Evidence 502(d), production of materials covered by the attorney-client privilege or work-product protection is not a waiver in the pending case or any other federal or state proceeding. For example, the mere production of privilege or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which notice is given that it intends to assert privilege or work-product protection at the producing party's request, the receiving party shall immediately return or destroy the produced materials. The producing party will provide a privilege log for such materials.

9. **CLASS ACTIONS**

Not applicable here.

10. **RELATED CASES**

Samsung gives notice of the following actions filed by Oura that involve one or more of the Patents-in-Suit or related patents:

*Ōura Health Oy v. Circular SAS,* No. 6:22-cv-478-ADA (W.D. Tex.) (terminated June 28, 2024);

*Ōura Health Oy et al. v. Ultrahuman Healthcare Pvt., Ltd. et al.,* No. 2:23-cv-396-JRG (E.D. Tex.);

*Ouraring, Inc. v. RingConn LLC,* No. 1:24-cv-1020-MN (D. Del.)

*Certain Smart Wearable Devices, Systems, and Components Thereof*; Inv. No. 337-TA-1398.

While not technically "related cases," the parties give notice to the Court that the following post grant review and *inter partes* review petitions filed by Samsung involve one or more of the Patents-in-Suit or related patents:

- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, PGR2024-00030 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, PGR2024-00031 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-00928 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Oura Health OY.*, IPR2024-00929 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-00930 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-00929 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, PGR2024-00038 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, PGR2024-00039 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Oura Health OY.*, IPR2024-01077 (PTAB).
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-01078 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-01079 (PTAB);
- *Samsung Electronics Co., Ltd. et al. v. Ouraring Inc.*, IPR2024-01080 (PTAB).

**11. RELIEF**

**Samsung's Statement:**

Samsung seeks the relief requested in its Complaint. ECF 1. The relief Samsung seeks includes: (A) a judgment declaring that Samsung does not directly or indirectly infringe any asserted claims of the Patents-in-Suit, either literally or under the doctrine of equivalents; (B) a judgment enjoining Oura and its officers, agents, servants, employees, and those persons in active concert or participation with them from directly or indirectly asserting infringement or instituting any action for infringement of the Patents-in-Suit against Samsung or any of its customers or suppliers; (C) a judgment entered in favor of Samsung and against Oura on Samsung's claims; (D) a judgment finding that this is an exceptional case under 35 U.S.C. § 285; (E) a judgment awarding Samsung its costs and attorneys' fees in connection with this action; and (F) a judgment awarding Samsung such other and further relief as the Court deems just and proper.

**Oura's Statement:**

Oura's position is that there is no jurisdiction for the Court to hear this matter. Oura disagrees that Samsung is entitled to any relief in this action.

**12. SETTLEMENT AND ADR**

The parties have complied with ADR L.R. 3-5 and filed their ADR L.R. 3-5(b) certifications. ECF 39 and 41. The parties have agreed to private mediation as their preferred form of alternative dispute resolution and have agreed on a timeframe for such as indicated in the schedule in Section 16 below.

**13. OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

If the case is not dismissed, the parties anticipate that the issues in this case may be narrowed by claim construction, motions for judgment on the pleadings, summary judgment motions, *Daubert* motions, motions to strike, and motions in limine, as well as the pending *inter partes* review proceedings involving the Patents-in-Suit.

**15. SCHEDULING AND PATENT L.R. 2-1(B)**

Plaintiffs' Statement: The case should proceed at this time and without delay pending resolution of Defendants' Motion to Dismiss. Plaintiffs' proposed schedule is in the second column in the table below.

Defendants' Statement: In the interest of preserving resources and in the interest of judicial economy, Defendants believe that no dates should be set until there is a decision on Defendants' Motion to Dismiss. Therefore, Defendants' deadlines are keyed off of the date that their Motion to Dismiss is denied, if that is the outcome. If the Motion to Dismiss is granted, no deadlines are necessary.

| Scheduled Event | Plaintiffs' Proposed Date / Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Joint Case Management Statement For Case Management Conference | September 26, 2024 | |
| Initial Case Management Conference | October 3, 2024 | |
| Oura's Patent L.R. 3-1, 3-2 Disclosures | January 21, 2025 | 8 weeks after an order denying Defendants' Motion to Dismiss |
| Fact Discovery Opens | January 7, 2025 | 4 weeks after an order denying Defendants' Motion to Dismiss |
| Initial Disclosures | March 10, 2025 | 3 weeks after an order denying Defendants' Motion to Dismiss |
| Samsung's Patent L.R. 3-4 Disclosures (limited to 3-4(a), (c), (d), (e)) | March 20, 2025 | 14 weeks after an order denying Defendants' Motion to Dismiss |
| Exchange Proposed Terms For Construction (Patent L.R. 4-1). Oura shall assert no more than 10 claims from each patent and no more than a total of 32 claims. | April 18, 2025 | 18 weeks after an order denying Defendants' Motion to Dismiss |
| Oura's Patent L.R. 3-8 Damages Contentions | April 30, 2025 | 24 weeks after an order denying Defendants' Motion to Dismiss |

| | | |
|---|---|---|
| Exchange Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | May 16, 2025 | 22 weeks after an order denying Defendants' Motion to Dismiss |
| Samsung's Patent L.R. 3-9 Responsive Damages Contentions | May 30, 2025 | 28 weeks after an order denying Defendants' Motion to Dismiss |
| Joint Claim Construction and Prehearing Statement and Expert Reports (Patent L.R. 4-3) | June 13, 2025 | 30 weeks after an order denying Defendants' Motion to Dismiss |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | July 11, 2025 | 34 weeks after an order denying Defendants' Motion to Dismiss |
| Patent L.R. 3-10 Damages Contention Meeting Deadline | July 31, 2025 | 36 weeks after an order denying Defendants' Motion to Dismiss |
| Oura's Opening Claim Construction Brief (Patent L.R. 4-5(a)) | August 1, 2025 | 38 weeks after an order denying Defendants' Motion to Dismiss |
| Samsung's Responsive Claim Construction Brief (Patent L.R. 4-5(b)) | August 29, 2025 | 44 weeks after an order denying Defendants' Motion to Dismiss |
| Oura's Reply Claim Construction Brief (Patent L.R. 4-5(c)) | September 19, 2025 | 47 weeks after an order denying Defendants' Motion to Dismiss |
| Claim Construction Hearing (Patent L.R. 4-6) | At the Court's convenience on or after October 3, 2025 | At the Court's convenience at least 2 weeks after claim construction briefing is final, after an order denying Defendants' Motion to Dismiss |
| ADR Deadline | 60 days after claim construction decision | The parties agree on this deadline |

| | | |
|---|---|---|
| Advice of Counsel (Patent L.R. 3-7) | November 21, 2025 | 4 weeks after claim construction decision |
| Deadline to Amend Pleadings or Join Parties | December 12, 2025 | 7 weeks after claim construction decision |
| Oura's Election of Asserted Claims. | December 12, 2025 | 7 weeks after claim construction decision |
| Close of Fact Discovery | March 13, 2026 | 19 weeks after claim construction decision |
| Opening Expert Reports by the parties on issues where they bear the burden of proof | April 17, 2026 | 23 weeks after claim construction decision |
| Rebuttal Expert Reports | May 29, 2026 | 28 weeks after claim construction decision |
| Close of Expert Discovery | July 2, 2026 | 32 weeks after claim construction decision |
| Final Day for Filing Dispositive Motions | July 31, 2026 | 36 weeks after claim construction decision |
| Oppositions to Dispositive Motions | August 28, 2026 | 40 weeks after claim construction decision |
| Replies to Dispositive Motions | September 18, 2026 | 43 weeks after claim construction decision |
| Last Day to Hear Dispositive Motions | October 15, 2026 at 10:00am | At the Court's convenience, at least 4 weeks after dispositive motions have been fully briefed |
| Final Pretrial Conference | [TBD] | TBD |
| Trial | [TBD] | TBD |

**A.     Patent L.R. 2-1(b)**

Pursuant to Patent L.R. 2-1(b), the parties have conferred on the following issues:

1. As shown in the case schedule table above, because this is a declaratory judgment action for non-infringement only, Patent L.R. 3-3 (invalidity contentions) and Patent L.R. 3-4(b) (prior art production) are not applicable.[1]  For the remaining Patent L.R. 3 and 4

---

[1] If Oura elects to assert counterclaims for infringement, Samsung reserves the right to assert all available defenses, including invalidity.  In that case, the parties acknowledge that the schedule

deadlines, the parties propose short extensions of certain deadlines, in view of the number of Patents-in-Suit (five patents) in this case.

2. The parties expect claim construction discovery to potentially include submission of expert reports on claim construction, followed by potential depositions regarding those reports, and potentially depositions of the inventors of the Patents-in-Suit.

3. The parties preliminarily expect the Claim Construction Hearing to take up to four hours and that it will not involve live testimony. The parties will apprise the Court of any changes to the expected length or format of the Claim Construction Hearing in their Joint Claim Construction and Prehearing Statement and Expert Reports (Patent L.R. 4-3).

4. The parties expect to educate the Court about the Patents-in-Suit and technology through their Claim Construction briefing and the Claim Construction hearing.

5. Oura will provide a statement regarding expected damages range, if the Court denies Oura's Motion to Dismiss and Oura elects to counterclaim for infringement; if Oura provides a statement regarding damages, Samsung may provide a response in this statement.

**16.  TRIAL**

The parties agree to a trial by jury. The parties estimate needing 2 weeks to try this case, subject to the outcome of discovery and dispositive motions, including summary judgment motions, *Daubert* motions, and motions to strike.

**17.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Samsung and Oura have each filed their Certification of Interested Entities or Persons. ECF 7 and 28.

**18.  PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

will need to be modified to account for these defenses and include deadlines for Patent L.R. 3-3 (invalidity contentions) and Patent L.R. 3-4(b) (prior art production).

| | |
|---|---|
| Dated: September 26, 2024 | Dated: September 26, 2024 |
| By: /s/ Ryan Yagura | By: /s/ Janine Carlan |
| RYAN YAGURA<br>MARC PENSABENE<br>MARK LIANG<br>BILL TRAC<br>SORIN ZAHARIA<br>CASON COLE<br>JOANNE BAE<br>**O'MELVENY & MYERS LLP**<br><br>*Attorneys for Plaintiff Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* | JANINE A. CARLAN<br>JASJIT S. VIDWAN<br>**ARENTFOX SCHIFF LLP**<br><br>*Attorneys for Defendants ŌURA HEALTH OY and OURARING INC.* |

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i), I hereby attest that all other signatures listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

DATED: September 26, 2024            /s/ Ryan Yagura
                                                         Ryan Yagura